IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. CAPPEL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JACOB A. CAPPEL, APPELLANT.

Filed June 25, 2019.    No. A-18-748.

Appeal from the District Court for Lancaster County: DARLA S. IDEUS, Judge. Affirmed as modified.

Joseph D. Nigro, Lancaster County Public Defender, and Timothy M. Eppler for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

RIEDMANN, ARTERBURN, and WELCH, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Jacob A. Cappel was convicted of possession with intent to deliver a controlled substance and tampering with physical evidence following the discovery of more than 12 pounds of marijuana in his vehicle during a traffic stop. On appeal, he claims that his motion to suppress and motion for additional discovery should have been granted. Further, he argues that the district court did not properly credit him for his total time served in custody. We affirm his convictions; however, we modify his sentences to reflect the proper amount of time he spent in custody.

## BACKGROUND

On January 13, 2016, Jason Henkel, a Lancaster County sheriff's deputy, was patrolling Interstate 80 near mile marker 397. Henkel observed a white Jaguar vehicle, driven by Cappel, following too closely to a semi-truck. Henkel initiated a traffic stop of Cappel for following another

- 1 -

vehicle too closely. Henkel issued Cappel a warning for the traffic violation and then Henkel searched Cappel's vehicle based on the odor of marijuana he detected in the car. The search yielded over 12 pounds of marijuana, along with THC and concentrated cannabis.

While his vehicle was being searched, Cappel was placed in the police vehicle of another officer who arrived to assist Henkel. During this time, Cappel bent and broke his cell phone so that it was unusable by law enforcement. Following the discovery of marijuana in his vehicle, Cappel was transported to the Lancaster County jail, where he remained until January 28, 2016.

Cappel was charged in the county court for Lancaster County with one count of possession with the intent to deliver a schedule I controlled substance in violation of Neb. Rev. Stat. § 28-416(1)(a) (Reissue 2016), and one count of tampering with physical evidence in violation of Neb. Rev. Stat. § 28-922 (Reissue 2016). Following a preliminary hearing, Cappel was bound over to the district court for Lancaster County, where he was charged by information with the same offenses.

In July 2017, Cappel filed a motion to suppress alleging that Henkel did not have probable cause to stop his vehicle, and thus the subsequent search of his vehicle violated his rights under both the U.S. Constitution and the constitution of Nebraska. In August, Cappel filed a motion for additional discovery, seeking all call logs between Henkel and his assisting officer on the date of the traffic stop, and all cell phone data from Henkel's phone, including all global positioning system (GPS) information.

At the hearing on Cappel's motion to suppress, Henkel testified that he used a stopwatch to determine that Cappel was following the semi-truck by 0.83 seconds. When determining how close a vehicle is traveling behind another vehicle, Henkel typically picks a defect in the road and starts his stopwatch when the rear wheels of the lead vehicle passes the defect, and stops the stopwatch when the rear wheels of the trailing vehicle passes the defect. Henkel testified that he initiated the traffic stop of Cappel's vehicle because Cappel was less than 3 seconds behind the semi-truck, which the Nebraska Department of Motor Vehicles had determined is a reasonable distance to follow another vehicle. Henkel further testified that he followed Cappel and the semi-truck for over a mile before he stopped Cappel, and the speed of the two vehicles remained constant. Henkel also indicated that he did not box in Cappel behind the semi-truck, but rather left room for Cappel to change lanes. The State offered the video from Henkel's vehicle, beginning 30 seconds before he stopped Cappel, as evidence; the video corroborated Henkel's testimony of the circumstances leading to the traffic stop.

Cappel testified that he believed he was following the semi-truck at a reasonable and prudent distance. He indicated that he did not want to use his brakes to increase the distance between himself and the semi-truck because there were vehicles directly behind him and he did not want to cause a collision. Additionally, Cappel testified that he could not change lanes because Henkel did not provide enough room for him to do so.

At the hearing on Cappel's motion for additional discovery, Cappel argued that it was necessary to obtain the GPS data from Henkel's cell phone because he would be able to "sync" it with GPS data from Cappel's cell phone. That would allow him to determine Henkel's traveling distance, which would help show that Henkel boxed in Cappel and caused the traffic violation. The State indicated that Henkel replaced his cell phone in September 2016, and therefore the

information sought by Cappel was unavailable. It further argued the requested evidence was irrelevant.

Following the hearings, the district court issued an order denying both of Cappel's motions. The court found that the video from Henkel's vehicle refuted Cappel's claim that he was boxed in by Henkel and could not brake because of cars traveling closely behind him. The court concluded that the traffic stop was justified based on Cappel's violation of Neb. Rev. Stat. § 60-6,140 (Reissue 2010). The court also stated that the information requested by Cappel in his motion for additional discovery was not relevant, and was unduly burdensome and cumulative, because the location of Henkel's vehicle prior to the stop is clear from the video offered and received.

At a stipulated bench trial, Cappel requested the district court to reconsider its rulings on his motion to suppress and motion for additional discovery. The court overruled both requests. Cappel was found guilty of both charges. He was sentenced to 1 to 2 years in prison on count I, and 6 months to 1 year in prison on count II. Cappel received credit for 62 days he had spent in jail between his conviction and sentencing.

## ASSIGNMENTS OF ERROR

Cappel assigns, restated, that the district court (1) erred in overruling his motion to suppress, (2) abused its discretion by denying his motion for additional discovery, and (3) failed to give him proper credit for his time spent in custody.

## STANDARD OF REVIEW

In reviewing a trial court's ruling on a motion to suppress based on a claimed violation of the Fourth Amendment, an appellate court applies a two-part standard of review. *State v. Nunez*, 299 Neb. 340, 907 N.W.2d 913 (2018). Regarding historical facts, an appellate court reviews the trial court's findings for clear error. *Id*. But whether those facts trigger or violate Fourth Amendment protections is a question of law that an appellate court reviews independently of the trial court's determination. *Id*.

Unless granted as a matter of right under the Constitution or other law, discovery is within the discretion of a trial court, whose ruling will be upheld on appeal unless the trial court has abused its discretion. *State v. Henry*, 292 Neb. 834, 875 N.W.2d 374 (2016). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and the evidence. *State v. Oldson*, 293 Neb. 718, 884 N.W.2d 10 (2016).

## ANALYSIS

*Validity of Traffic Stop.*

Cappel asserts that the district court erred in overruling his motion to suppress evidence seized during the traffic stop because there was not probable cause to stop his vehicle. We disagree.

A stop of a vehicle is objectively reasonable when the officer has probable cause to believe that a traffic violation has occurred. *State v. Draganescu*, 276 Neb. 448, 755 N.W.2d 57 (2008). Traffic violations, no matter how minor, create probable cause to stop the driver of a vehicle. *Id*. Section 60-6,140(1) provides that "the driver of a motor vehicle shall not follow another vehicle

more closely than is reasonable and prudent, and such driver shall have due regard for the speed of such vehicles and the traffic upon and the condition of the roadway." The Nebraska Supreme Court has upheld traffic stops where an objective standard was used to determine that a vehicle was following another vehicle too closely. See *State v. Draganescu, supra* (counting one car length for every 10 m.p.h. of speed was objective standard determining defendant was following another vehicle too closely).

Cappel was stopped by Henkel for following the semi-truck in front of him too closely. Henkel used a stopwatch to determine that Cappel was only 0.83 seconds behind the semi-truck, below the Nebraska Department of Motor Vehicles' 3-second standard for following vehicles. Thus, the State demonstrated that Henkel used an objective standard to determine that Cappel was following another vehicle more closely than was reasonable and prudent, which established probable cause for the traffic stop.

While Cappel argues that he was traveling a reasonable and prudent distance behind the semi-truck in light of the circumstances, namely that other vehicles were directly behind him and he did not have room to switch lanes due to Henkel's vehicle boxing him in, his argument is not supported by video from Henkel's vehicle. The video clearly shows that Cappel was closely following the semi-truck, he had ample room to switch lanes in front of Henkel, and there were not any vehicles directly behind Cappel.

The district court did not err in denying Cappel's motion to suppress because there was probable cause for Henkel to initiate the traffic stop.

*Denial of Additional Discovery.*

Cappel argues that the district court abused its discretion in denying his request for additional discovery of Henkel's cellular data, including his GPS location. We disagree.

In its order denying Cappel's motion for additional discovery, the district court stated, "the information sought is not relevant. The information sought is unduly burdensome and it is cumulative. . . ." On appeal, Cappel argues that the information he requested, specifically Henkel's cellular data, is relevant because it would demonstrate that Henkel prevented Cappel from changing lanes, thus causing his traffic violation. Additionally, Cappel asserts that the information is not cumulative because it would provide data prior to the activation of the video captured by Henkel's vehicle.

The district court correctly denied Cappel's motion for additional discovery. Discovery orders shall be limited to items within the possession, custody, or control of the State. Neb. Rev. Stat. § 29-1914 (Reissue 2016). Even assuming, without deciding, that the information was relevant, the State indicated that Henkel's cell phone was no longer in his possession. Henkel received a new phone more than a year prior to the hearing on Cappel's motion; thus, the State could not produce the information Cappel requested.

Further, even if the requested information was available, the district court was correct in noting that the evidence was cumulative. Cumulative evidence tends to prove the same point of which other evidence has been offered. See *State v. Britt*, 293 Neb. 381, 881 N.W.2d 818 (2016). At the hearing on Cappel's motion to suppress, Henkel testified that he did not box Cappel in his lane and left him enough room to switch lanes. Henkel also testified that Cappel's vehicle and the

semi-truck's speed remained the same while he followed Cappel. Henkel's testimony is corroborated by the video from Henkel's vehicle. The video clearly shows that Cappel had room to change lanes. Any GPS data from Henkel's phone would reveal the same information as the video from his vehicle. Thus, the information is cumulative and the district court did not abuse its discretion in denying Cappel's motion.

*Failure to Give Proper Credit of Time Served.*

Cappel also asserts that the district court committed plain error by failing to give him proper credit for his time spent in custody. We agree.

A defendant is entitled to receive credit for time spent in custody prior to trial, during trial, pending sentence, or pending the resolution of an appeal. Neb. Rev. Stat. § 83-1,106(1) (Reissue 2014). Cappel received credit for the 62 days he spent in custody between his conviction and sentencing. However, 62 days is the amount of time that Cappel spent in custody just between his conviction and his sentence, and does not reflect the additional time he spent in custody from January 13 through January 28, 2016. Accordingly, we modify the district court's sentencing order to give Cappel credit for time served in the amount of 78 days to reflect the entirety of the time he was in custody. See *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015) (modifying sentence to reflect proper amount of credit for time served).

## CONCLUSION

Officers had probable cause to stop Cappel's vehicle; therefore, the district court properly overruled his motion to suppress. The additional information sought by Cappel was not available and was cumulative, and the district court properly overruled his motion requesting additional discovery. Because the district court did not fully credit Cappel with his time served, we modify his sentence to reflect 78 days of time served.

AFFIRMED AS MODIFIED.